UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>                      Plaintiff,<br><br>    v.<br><br>DAVID CHRISTENSEN, *et al.*,<br><br>                      Defendants. | Case No. C24-1614-BJR<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, STRIKING REBUKE AND REJECTION, DISMISSING PETITIONS FOR WRIT OF MANDAMUS, AND DISMISSING ACTION** |

## I.    INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge. Dkt. No. 7. Having reviewed Plaintiff John Demos's objections, Dkt. No. 8, the record, and the relevant legal authorities, the Court hereby adopts the R&R and dismisses the complaint without prejudice. Additionally, the Court dismisses Plaintiff's petitions for writ of mandamus, Dkt. Nos. 9, 10, strikes Plaintiff's "Rebuke and Rejection" of the R&R, Dkt. No. 5, and denies Plaintiff's remaining motions.

## II.    BACKGROUND

As the R&R observes, Plaintiff is a state prisoner who is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in multiple courts, including this Court, the

ORDER DISMISSING ACTION - 1

Eastern District of Washington, Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Plaintiff may submit only three applications to proceed *in forma pauperis* ("IFP") and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("the 1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). At the time Plaintiff submitted his proposed complaint to the Court for filing he had already exceeded his annual limit of IFP applications and proposed actions for the year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr., et al.*, C24-5809-BJR (W.D. Wash.); *Demos v. Musk, et al.*, C24-1581-RSL (W.D. Wash.); *Demos v. Gonzalez, et al.*, C24-5845-RSM-TLF (W.D. Wash.).

Additionally, under the 1992 Bar Order, this Court will not accept for filing a proposed complaint from Plaintiff unless it "is accompanied by an affidavit that the claims presented have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." *See In re Demos*, MC91-269-CRD, Dkt. No. 1 at 2-3. Furthermore, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

### III.   DISCUSSION

#### A.   Report and Recommendation

The R&R recommends denying Plaintiff's IFP application and dismissing the proposed complaint in this action without prejudice because (1) Plaintiff did not submit the affidavit required under the terms of the 1992 Bar Order; and (2) Plaintiff's proposed complaint does not contain a plausible allegation of imminent danger.

ORDER DISMISSING ACTION - 2

A district court reviews *de novo* those portions of a magistrate judge's R&R that a party properly objects to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party does this by timely filing "specific written objections." *See* Fed. R. Civ. P. 72(b)(2).

Plaintiff raises two objections to the R&R. First, Plaintiff objects that the requirement that he submit an affidavit that the claims presented in his complaint have not been presented in any other action in any court violates his rights and would compel him to commit perjury. Objs. at 1, 4. However, the 1992 Bar Order remains valid. *See Demos v. U.S. Dist. Ct. For E. Dist. of Washington*, 925 F.2d 1160, 1161 (9th Cir. 1991) (explaining that, because Plaintiff did not appeal from the standing bar order against him in the Western District of Washington, that order is final); *Demos v. Poli*, No. 2:24-CV-01731-RSL, 2024 WL 4665428, at *5-6 (W.D. Wash. Nov. 4, 2024) (explaining the applicability, constitutionality, and reasonableness of the 1992 Bar Order). Additionally, it is not unreasonable to require Plaintiff to know whether he has asserted a given claim before. Accordingly, Plaintiff's first objection is overruled.

Second, Plaintiff objects that, in retaliation for filing the instant lawsuit, prison staff have recommended that Plaintiff be transferred to another facility. Objs. at 5. Plaintiff further asserts that prison staff are recommending that Plaintiff be transferred to another facility to receive either a lobotomy or psychotropic medication. *Id.* at 7. The Court concludes that these assertions do not plausibly show that Plaintiff is in imminent danger. Plaintiff's objections and previous filings contain contradictory information about the nature of the imminent danger he claims. *E.g.*, *compare id.* at 5, 7 *with* Compl. at 8, Dkt. No. 1-1 (alleging that a Washington State Department of Corrections official is campaigning to have Plaintiff transferred to a two-man cell to sexually abuse Plaintiff). Additionally, Plaintiff included with his objections a "Custody Review" report, which indicates that Plaintiff is being considered for transfer to another facility due to his receipt

ORDER DISMISSING ACTION - 3

of multiple infractions unrelated to Plaintiff's allegations about being threatened with forcible administration of psychotropic drugs. Objs. at 34. As such, Plaintiff's objections regarding imminent danger lack credibility. *See Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (providing that plaintiff's allegations must be "specific or credible" to satisfy § 1915(g)'s imminent danger requirement). Further, the Court has independently reviewed the record and agrees with the Magistrate Judge's conclusions. Accordingly, Plaintiff's second objection is overruled.

B. **"Rebuke and Rejection" of Report and Recommendation**

Plaintiff filed a "Rebuke and Rejection" of the R&R on October 28, 2024. However, Magistrate Judge Vaughan did not issue the R&R until November 4, 2024. Accordingly, Plaintiff's "Rebuke and Rejection" is stricken as premature.

C. **Petitions for Writ of Mandamus**

Plaintiff's petitions for writ of mandamus, which are addressed to both this Court and the Ninth Circuit, appear to be seeking relief under 28 U.S.C. § 1651. *See* Nov. 5 Pet.; Nov. 8 Pet. The petitions, liberally construed, request that various district courts be ordered to rescind bar orders entered against Plaintiff in the courts' respective jurisdictions. *See generally* Nov. 5 Pet.; Nov. 8 Pet. Although unclear from Plaintiff's filings, the Court assumes that Plaintiff intended for this Court to address his mandamus petitions.[1] In doing so, the Court concludes that the petitions are due to be dismissed for two reasons.

---

[1] To the extent that Plaintiff intended his petitions for writ of mandamus to be filed with the Ninth Circuit, it should be noted that "[a] party petitioning for a writ of mandamus or prohibition directed to a court must file a petition with the circuit clerk . . . ." Fed. R. App. P. 21(a)(1).

ORDER DISMISSING ACTION - 4

First, an Order of this Court provides for the return without filing of any petition by Plaintiff that seeks certain extraordinary writs, including a writ of mandamus pursuant to § 1651, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). Here, Plaintiff did not pay the filing fee.

Second, "[a] district court lacks authority to issue a writ of mandamus to another district court." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987). Therefore, this Court lacks authority to rule on the instant petitions.

### D.  Remaining Motions

Plaintiff filed three additional motions—a "Motion to Request that an Investigation be Conducted Immediately," Dkt. No. 3, "Motion for Discovery," Dkt. No. 4, and "Motion to Quash," Dkt. No. 6. None of these motions plausibly allege that Plaintiff is in imminent danger. Therefore, these motions are denied as moot.

### IV.  CONCLUSION

Accordingly, the Court hereby ORDERS as follows:

(1) The Report and Recommendation is approved and adopted.

(2) Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) is DENIED.

(3) Plaintiff's "Rebuke and Rejection" (Dkt. No. 5) is STRICKEN.

(4) Plaintiff's petitions for writ of mandamus (Dkt. Nos. 9, 10) are DISMISSED.

(5) Plaintiff's "Motion to Request that an Investigation be Conducted Immediately" (Dkt. No. 3), "Motion for Discovery" (Dkt. No. 4), and "Motion to Quash" (Dkt. No. 6) are DENIED.

(6) Plaintiff's complaint and this action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) and standing bar orders, *see In re John Robert Demos*, MC91-269-CRD

ORDER DISMISSING ACTION - 5

(W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).

  (7) The Clerk is directed to close this case and send copies of this Order to Plaintiff and to Magistrate Judge Vaughan.

  DATED this 16th day of January 2025.

                */s/ Barbara J. Rothstein*
                BARBARA J. ROTHSTEIN
                United States District Judge

ORDER DISMISSING ACTION - 6